**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
L. P. Harrison 3rd
T. Barry Kingham
Timothy N. McCabe
Cindi M. Eilbott

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re:                                                       : Chapter 11 Case
                                                             : No. 08-13555 (JMP)
                                                             : (Jointly Administered)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :
                                                             :
                          Debtors.          :
-------------------------------------------------------------x
                                                             :
LEHMAN BROTHERS HOLDINGS INC.,                               :
                                                             :
                          Plaintiff,        :
                                                             :
      -against-                                             : Adversary Proceeding
                                                             : No.: 10-_____ (JMP)
AXA, S.A.; AXA ASSURANCES VIE MUTUELLE;                      :
AXA ASSURANCES I.A.R.D. MUTUELLE; AXA                        :
COURTAGE ASSURANCE MUTUELLE; AXA                             :
FINANCIAL, INC.; and ALLIANCEBERNSTEIN L.P.                  :
f/k/a ALLIANCE CAPITAL MANAGEMENT L.P.,                      :
                                                             :
                          Defendants.       :
-------------------------------------------------------------x

**LEHMAN BROTHERS HOLDINGS INC.'S COMPLAINT TO AVOID, RECOVER,
AND PRESERVE FOR THE BENEFIT OF ITS ESTATE FRAUDULENT TRANSFERS
PURSUANT TO THE BANKRUPTCY CODE AND APPLICABLE STATE LAW**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in possession, the "Debtors," and collectively with LBHI's non-debtor affiliates "Lehman"), as debtor and debtor in possession in the above-referenced chapter 11 case, by and through its undersigned counsel, hereby files this Complaint against Defendants AXA, S.A.; AXA Assurances Vie Mutuelle; AXA Assurances I.A.R.D. Mutuelle; AXA Courtage Assurance Mutuelle; AXA Financial, Inc.; and AllianceBernstein L.P. f/k/a Alliance Capital Management L.P. (collectively, "AXA") to avoid and recover a fraudulent transfer pursuant to the Bankruptcy Code and applicable state law. In support of its Complaint, Plaintiff LBHI respectfully alleges as follows:

## PARTIES

1. Plaintiff LBHI is a Delaware corporation with its current principal business address at 1271 Avenue of the Americas, 46th Floor, New York, New York 10020.

2. Upon information and belief, Defendant AXA, S.A. is a Société Anonyme organized under the laws of France, and is the publicly traded parent company to an international group of insurance and financial services companies including the remaining defendants herein, with its principal business address at 25, Avenue Matignon 75008 Paris, France.

3. Upon information and belief, Defendant AXA Assurances Vie Mutuelle is a mutual insurance company organized under the laws of France with its principal business address at 26, rue Drouot 75009 Paris, France.

4. Upon information and belief, Defendant AXA Assurances I.A.R.D. Mutuelle is a mutual insurance company organized under the laws of France with its principal business address at 26, rue Drouot 75009 Paris, France.

2

5. Upon information and belief, Defendant AXA Courtage Assurance Mutuelle is a mutual insurance company organized under the laws of France with its principal business address at 26, rue Drouot 75009 Paris, France.

6. Upon information and belief, Defendant AXA Financial, Inc. is a Delaware corporation with its principal business address at 1290 Avenue of the Americas, New York, New York 10104.

7. Upon information and belief, Defendant AllianceBernstein L.P. f/k/a Alliance Capital Management L.P. is a limited partnership organized under the laws of Delaware and a registered investment adviser under the Investment Advisers Act of 1940, with its principal place of business at 1345 Avenue of the Americas, New York, New York 10105.

## JURISDICTION AND VENUE

8. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

9. This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 105, 544, 548, 550, and 551 and Bankruptcy Rule 7001.

10. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because the claims or causes of action set forth in this

Complaint arise under the Bankruptcy Code or arise in or are related to the voluntary petition for relief under chapter 11 of the Bankruptcy Code filed by Plaintiff LBHI.

11. This is a core proceeding under 28 U.S.C. § 157.

12. Venue properly lies in this district pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in or is related to the above-referenced chapter 11 case pending in this district.

## FACTUAL BACKGROUND

13. Lehman was formerly the fourth largest investment bank in the United States. For more than 150 years, Lehman was a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide. Lehman's headquarters in New York and regional headquarters in London and Tokyo were complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

14. On July 21, 2008, LBHI announced a dividend to its common shareholders in the amount of seventeen (17) cents per share of common stock. The dividend was authorized for common shareholders of record – including AXA – as of August 11, 2008. The total amount of the dividend was approximately $117 million.

15. As set forth in LBHI's chapter 11 petition, as of the Commencement Date, AXA beneficially owned approximately 7.25 percent of the outstanding common stock in LBHI. The total number of outstanding shares of common stock as of the August 11, 2008 record date was 689,575,950. Accordingly, the divided received by AXA on August 25, 2008 (that is, the portion of the total dividend paid to AXA) was not less than $8,499,024 (the "Dividend").

4

## COUNT I

*(Avoidance of the Dividend as a Constructively Fraudulent Transfer Pursuant to Section 548 of the Bankruptcy Code)*

16. LBHI repeats, realleges, and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth in this cause of action.

17. Within two (2) years of the Commencement Date, on August 25, 2008, LBHI transferred or caused the transfer of the Dividend to AXA.

18. The transfer of the Dividend was a transfer of an interest of LBHI in property.

19. LBHI received less than reasonably equivalent value in exchange for its transfer of the Dividend to AXA.

20. When LBHI transferred or caused the transfer of the Dividend to AXA, LBHI was insolvent or became insolvent as a result of such transfer; was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was unreasonably small capital; and/or intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

21. The Dividend is avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

# COUNT II

*(Avoidance of the Dividend as a Constructively Fraudulent
Transfer Pursuant to Section 544 of the Bankruptcy Code
and Applicable State Fraudulent Conveyance or Fraudulent Transfer Law)*

22. LBHI repeats, realleges, and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth in this cause of action.

23. Pursuant to Section 544(b) of the Bankruptcy Code, LBHI has the rights of an existing unsecured creditor of LBHI. Section 544(b) permits LBHI to assert claims and causes of action that such a creditor could assert under applicable state law.

24. Prior to the Commencement Date, on August 25, 2008, LBHI transferred or caused the transfer of the Dividend to AXA.

25. The transfer of the Dividend was a transfer of an interest of LBHI in property.

26. LBHI did not receive fair consideration or reasonably equivalent consideration or reasonably equivalent value in exchange for its transfer of the Dividend.

27. When LBHI transferred or caused the transfer of the Dividend to AXA, LBHI was insolvent or became insolvent as a result of such transfer; was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was unreasonably small capital or capitalization; and/or intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts matured or came due.

28. The Dividend is avoidable under Section 544(b) of the Bankruptcy Code and applicable state law.

## COUNT III

*(Recovery and Preservation for the Benefit of the Estate of Avoided
Fraudulent Transfer Pursuant to Sections 550 and 551 of the Bankruptcy Code)*

29. LBHI repeats, realleges, and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth in this cause of action.

30. The Dividend is avoidable as a constructively fraudulent transfer pursuant to Sections 548(a)(1)(B) and 544(b) of the Bankruptcy Code and applicable state law, and accordingly, pursuant to Section 550(a) of the Bankruptcy Code, LBHI is entitled to recover from AXA the Dividend plus interest from the transfer date, and costs and fees for the benefit of LBHI's estate. Further, pursuant to Section 551 of the Bankruptcy Code, the Dividend, as a constructively fraudulent transfer avoidable pursuant to Sections 548(a)(1)(B) and 544(b) of the Bankruptcy Code and applicable state law, is automatically preserved for the benefit of LBHI's estate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LBHI respectfully requests that the Court enter judgment on its Complaint as follows:

A. with respect to Count I, avoiding the transfer of the Dividend pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

B. with respect to Count II, avoiding the transfer of the Dividend pursuant to Section 544(b) of the Bankruptcy Code and applicable state law;

C. with respect to Count III, directing Defendant AXA to return the Dividend to Plaintiff LBHI, pay interest to LBHI from the transfer date, and pay

costs and fees to LBHI, and preserving the Dividend for the benefit of LBHI's estate; and

D.  awarding LBHI all such other and further relief as the Court deems just and proper.

Dated: September 15, 2010
New York, New York

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: _____

Joseph D. Pizzurro
L. P. Harrison 3rd
Timothy N. McCabe
Cindi M. Eilbott
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000
*Counsel for Plaintiff, Debtor Lehman Brothers Holdings Inc.*
